JOHN FLANAGAN, APPELLANT, V. WILLIAM C. FABENS ET AL., APPELLEES.

FILED DECEMBER 7, 1906.  No. 14,533.

1. **Review:** EVIDENCE. The verdict of a jury based upon conflicting evidence will not be set aside by this court when sustained by competent evidence.

2. ————: HARMLESS ERROR. Rulings of the trial court upon the reception and rejection of evidence, *held* without prejudicial error.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

48

*John T. Cathers,* for appellant.

*Howard B. Smith* and *Charles Battelle, contra.*

EPPERSON, C.

November 16, 1870, William C. Fabens became the owner of block 9, in Boyd's addition to the city of Omaha, and has since held the record title thereto, except two lots which were sold in 1899. John Flanagan brought this action in ejectment claiming to have acquired title to all of block 9 by adverse possession from 1868 to 1899, at which time he alleges he was unlawfully ejected therefrom. Trial was had resulting in a verdict and judgment for defendants and plaintiff appeals.

1. Plaintiff now contends that the verdict is not sustained by the evidence. He testified that he farmed the land in controversy from 1868 to 1899. His testimony was corroborated by several witnesses, especially as to the use of the land subsequent to 1880. On the other hand, defendant and his witnesses directly contradicted plaintiff's testimony as to the possession of the land, except, as to one or two years. Manifestly the jury's finding on this conflicting evidence cannot be disturbed by this court.

2. While plaintiff was on the stand, the following questions were asked: "Q. State whether or not you were in possession of block 9, which is the land in controversy here? Q. Did you all of that time have the exclusive use and occupancy of that land?" Defendants objected as incompetent, immaterial, irrelevant, and calling for the conclusion of the witness, and the court sustained the objections. The first question was indefinite as to time, and an answer thereto would subserve no useful purpose. The last question was, perhaps, calling for the conclusion of the witness, and was for that reason subject to objection. However, further examination of this witness brought out the facts sought, and the ruling of the court was without prejudice. Other assignments, challenging

the court's rulings on the reception and rejection of evidence, are called to our attention, but, upon examination, are found to be without merit, and do not require discussion.

No prejudicial error is disclosed in this record, and we recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.